## Díaz Caneja *v.* The Registrar of Property.

## Appeal from a decision of the Registrar of Property of San Juan.

No. 12.—Decided February 15, 1905.

Censo—Records—Transfer of Entries from the Old to the New Books of the Registry.—In order to effect the transfer of an encumbrance entered in the books of the old registry of mortgages to the modern books of the registry of property, it is an indispensable requisite that the property to which the old entry refers be identified as the one in respect to which the transfer is sought to be made.

### STATEMENT OF THE CASE.

This is an appeal taken by Rev. Manuel Díaz Caneja, as collector of the Cathedral Chapter, from the decision of the registrar of property of this city refusing to transfer an annuity (*censo*).

Rev. Manuel Díaz Caneja, as the collector of the Cathedral Chapter and vacant religious endowments, on September 30 last wrote the registrar of property of this capital to the effect that according to the *Official Gazette* of December 20, 1904 (this should be 1894), the writer had presented at the said registry a petition requesting the transfer of two annuities (*censos*) upon house No. 35 Sol street, the property of Manuela Anguita, one amounting to $300 in favor of the collector of the Chapter, recorded at folio 64 and reverse of. liber 4 of records of mortgages, and another of $250 in favor of religious endowments (*capellanías*), recorded at folio 38 of old liber No. 2, on which petition action was suspended on account of the property alleged to be incumbered by the annuities not being recorded. Subsequently this property was recorded by virtue of possessory proceedings, in the record of which, although mention is made of these two charges, the registrar included a statement in the record to the effect that the·mention of these

charges was of no value because the owner had not given her consent thereto. For this reason, and to the end that said house should appear subject to the incumbrances mentioned, the petitioner, availing himself of the provisions of the last paragraph of article 397 of the Mortgage Law, inasmuch as said house had not passed into the hands of a third person, requested the transfer of the said two annuities contained in the old books at the folios cited, to the modern books of the registry and to house No. 35 Sol street, in this city. To this end he submitted the instrument acknowledging annuities (*censos*) amounting to 1,300 *pesos* ($300) in favor of the collector of the Holy Cathedral, and containing a certificate by the recorder of mortgages to the effect that said house on San Cristóbal street, which is none other than that now called Sol street, was already at that time subject to a charge of $250 in favor of religious foundations (*capellanías*); also three letters from Mrs. Anguita, in which she acknowledged the principal of 1,300 *pesos* in asking the Chapter to relieve her of the payment of interest, and the judgment on appeal, rendered by the court of first instance of this city, on June 27, 1891, adjudging Manuela Anguita, as the owner of said house at Sol street, No. 35, to pay the interest on said principal of 1,300 *pesos,* in accordance with the judgment of the lower court. These documents established the identity of the property.

Upon presentation of this petition in the registry by Agustín Rexach, deputy collector of vacant religious foundations, the former refused to make the transfer for the reasons set forth in a memorandum decision, appearing at the end of said petition, which reads as follows:

"The transfer of the annuity of 1,300 *pesos* referred to in the foregoing petition is denied, for the reason that the property referred to in the old record, whose transfer is sought, is not proved to be identical with house No. 35 Sol street, and because the owner of said property, Manuela Anguita, has not given her consent to said transfer; the

transfer of the rent charge of 250 *pesos* requested in the same petition is also denied, on account of the old record of this charge appearing cancelled, according to a note entered on the margin thereof, on account of the property referred to in said record not being identified as the house at Sol street, No. 35, and the instrument of November 24, 1796, executed before Notary Nicolas Aguayo, and for the reason that Mrs. Anguita had not given her consent for the transfer. In compliance with the provisions of the law relating to appeals from decisions of registrars, cautionary notices have been entered respectively at folios 24 and 25 and reverse of volume 54 of this city, estate No. 1633, duplicate, notes B and C, which will be effective for 120 days from this date. San Juan, Porto Rico, November 3, 1904.''

The petitioner, Agustín Rexach, upon being notified of the adverse decision of the registrar, stated that he would with-draw the documents for the proper purposes. Thereafter Rev. Manuel Díaz Caneja appeared before this Supreme Court within the period fixed by law in his aforesaid capacity of collector of the Cathedral Chapter, and interposed this appeal from the decision of the registrar of property denying the transfer, praying for a declaration to the effect that house No. 35 Sol street was subject to the annuity of 1,300 *pesos* referred to in the instrument establishing it, which he had presented at the registry, and that the registrar be directed in consequence to make the transfer applied for.

It appears from the documents presented at the registry by the Rev. Manuel Díaz Caneja that by a public deed dated November 24, 1796, executed in the City of San Juan before Royal Chapter Recorder Nicolás de Aguayo, by José Antonio Agrinsones and Josefa Olivo, husband and wife, the latter acknowledged in favor of the collector of this Holy Cathedral Church an annuity subject to redemption and payment (*al redimit y quitar*) to the value of 1,300 *pesos* in current silver, to secure which they mortgaged a single-story house belonging to them, built of stone, and with a flat roof, situated on San Cristóbal street, in this city, between the house belonging to the heirs of Francisco Noriega and that of Antonio Mira-

bel; this charge was recorded on the back of folio 6 of Book 4 of the records of the former mortgage-recording office. It also appears therefrom that on May 19, 1874, Manuela Anguita, residing in this city addressed a communication to the Ecclesiastical Chapter, informing it that she owned a small house on Sol street, of this city, numbered 35, which was subject to an annuity of 1,300 *pesos* in favor of the Chapter, on which she owed several years' interest, for the reason that all she had for her support was the small income derived from this property, which income was frequently curtailed by the cost of repairs and other expenses incident to property of that character. She therefore requested the Chapter to receive the sum of $100 in payment of all interest due to the end of the month of December of the preceding year, that the difference between this sum and her total indebtedness be remitted, promising to pay in monthly instalments all subsequent interest. The Chapter granted this petition upon the favorable report of the collector of the Chapter. Subsequently, on November 4, 1889, Manuela Anguita wrote another communication to the Cathedral Chapter, requesting that it discontinue the judicial proceedings instituted against her for the recovery of interest due, and again remit the same. The action of the Ecclesiastical Chapter on this petition is not of record. Finally, on March 17, 1891, the judge of first instance of this city rendered a judgment reversing one rendered by the municipal judge of this city in the oral action brought by Juan Mollfulleda as collector of the Chapter, against Manuela Anguita, for the recovery of 195 *pesos,* representing interest due on an annuity amounting to $1,300, official currency, on a house belonging to the defendant, and adjudging the latter to make the payment, the judge of first instance holding that the documentary evidence presented by the plaintiff justified the action brought, inasmuch as there was no question of the identity of the property subject to the charge and that possessed by Manuela Anguita, against whom the action had

been brought and of whom an effort had been made to collect privately, as shown by the record and the confession of the interested party herself.

Mr. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

While the documents presented by Rev. Manuel Díaz Caneja establish the fact that Manuela Anguita has been adjudged to be responsible to the Cathedral Chapter for an annuity of 1,300 *pesos* on a house belonging to her, situated at No. 35 Sol street, in this city, they are not sufficient to establish that this sum of 1,300 *pesos* is the same that was acknowledged by the spouses José Antonio Agrinsones and Josefa Olivo in favor of the Ecclesiastical Chapter, by public instrument of November 24, 1796, upon a house belonging to them on San Cristóbal street, which is exactly the same one that it is sought to transfer to the books of the modern registry as a charge on house No. 35 Sol street, belonging to Manuela Anguita, because the latter does not acknowledge it in the communications she addressed to the Ecclesiastical Chapter, nor is anything on this point clearly set forth in the judgments rendered in the oral action referred to. It is true that while they speak of an instrument establishing an annuity of 1,300 *pesos,* it is not described in such a manner as to show conclusively that it is the same instrument establishing it executed by the spouses Agrinsones. Hence it is deduced that neither the communications of Manuela Anguita to the Ecclesiastical Chapter nor the final judgment rendered in favor of the latter in the oral action prosecuted against the former, for the recovery of arrears of interest on an annuity of 1,300 *pesos* are sufficient to establish the identity of house No. 35 Sol street, the property of Manuela Anguita, as the one on San Cristóbal street, encumbered by the spouses Agrinsones, with the annuity which it is sought to transfer to the books of the modern registry.

Until this point is properly cleared up it is not possible to

make the transfer of the annuity as an encumbrance on said house, No. 35 Sol street, belonging to Manuela Anguita, especially when the latter does not give her consent to the transfer proposed.

In view of the provisions of the Royal Explanatory Order of June 18, 1895, the decision of the registrar of property of this city denying the transfer of the annuity requested by Rev. Manuel Díaz Caneja is affirmed, and it is ordered that the documents presented be returned and that a certified copy of this decision be transmitted to the registrar for his information and other proper purposes.

Justices Hernández, Figueras, MacLeary and Wolf concurred.